_____

**GREGORY ROGERS, an individual on
behalf of himself and others similarly situated,**

                **Plaintiff,**

v.                                                           Civil Action No. _____

**HCA HEALTH SERVICES OF TENNESSEE, INC.
D/B/A SUMMIT MEDICAL CENTER,**          **FLSA COLLECTIVE ACTION**
**TRI-STAR HEALTH SYSTEM, INC, and**           **JURY DEMANDED**
**HCA, INC.**
                **Defendants.**

_____

## COLLECTIVE ACTION COMPLAINT

      Plaintiff, Gregory Rogers, on behalf of himself and others similarly situated, files the following Complaint, averring as follows:

      1.     This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant (as hereinafter defined) and whose pay was subject to an automatic meal break deduction even when those persons performed compensable work during such unpaid "meal break."

## JURISDICTION AND VENUE

      2.     This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

      3.     Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

4. Summit Medical Center is an assumed name of HCA Health Services of Tennessee, Inc.

5. Summit Medical Center is part of the Tri-Star Health System, Inc. system of hospitals.

6. HCA, Inc. is the parent company of HCA Health Services of Tennessee, Inc. and Tri-Star Health System, Inc.

7. Throughout this Complaint, Summit Medical Center, Tri-Star Health System, Inc., HCA Health Services of Tennessee, Inc. and HCA, Inc. are referred to collectively as "Defendant" or "Defendants."

8. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

9. Upon information and belief, Defendants share common management and have common ownership.

10. As such, Defendants are the employer – single, joint or otherwise – of the Plaintiff and class members.

11. Plaintiff, Gregory Rogers, is an adult individual residing in Antioch, Tennessee. Plaintiff was previously employed by Defendant and worked at Summit Medical Center. He worked for Defendant from approximately 2005 to February of 2009. He spent his time working on a floor with patient beds. While working on the floor, Plaintiff was regularly required to perform compensable work during unpaid "meal breaks." Plaintiff consents to be a party to this collective action pursuant to 29 U.S.C. §216(b).

## FACTUAL BACKGROUND

12. This action is filed on behalf of all non-exempt employees of Defendant whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks. These persons include, but are not limited to, secretaries, housekeepers, custodians, clerks, porters, registered nurses, licensed practical nurses, nurses' aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters, nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse technicians, trainers, and transcriptionists employed by Defendants during the three years preceding the filing of this action.

13. All non-exempt employees of Defendant, upon information and belief, are subjected to Defendant's "Meal Break Deduction Policy."

14. Defendant maintains the "Meal Break Deduction Policy" at all of its facilities.

15. Under the "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a 30 minute meal period per work shift.

16. Plaintiff and class members often perform compensable work for Defendant during their uncompensated "meal breaks."

17. Defendant does not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."

18. Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

3

19. Plaintiff and class members routinely are required to stay at their duty post during their uncompensated "meal breaks."

20. Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

21. Defendant routinely fails to ensure that unauthorized work is not being performed during employee "meal breaks."

22. In fact, although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently require its employees to work during unpaid "meal breaks."

23. Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.

24. Plaintiff and class members are often required to respond to pages, as well as requests by patients, co-workers and management, during unpaid "meal breaks."

25. Defendant knows and/or has reason to believe that Plaintiff and class members perform work during their unpaid "meal breaks."

26. Plaintiff and class members perform work for Defendant, on Defendant's premises, in plain sight, and at management's request during their unpaid "meal breaks."

27. Defendant has observed Plaintiff and class members working through their unpaid "meal breaks." Defendant has directed Plaintiff and class members to work during their unpaid "meal breaks."

28. Given the demands of the health care industry and staffing shortages, Defendant knows that to get the tasks done that it assigns to Plaintiff and class members, Plaintiff and class members have to work through their unpaid "meal breaks."

29. Under Defendant's "Meal Break Deduction Policy," Defendant improperly and illegally shifts the burden to Plaintiff and class members to ensure that non-qualifying "meal breaks" are not deducted from their pay.

30. Even though Defendant knows that Plaintiff and class members are working during "meal breaks," Defendant fails to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

31. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

**COLLECTIVE ACTION ALLEGATIONS**

32. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

33. Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break."

Upon information and belief, Plaintiff believes that the definition of the class will be further refined following discovery of Defendant's books and records.

34. Plaintiff is unable to state the exact number of the class without discovery of Defendant's books and records but estimates the class to exceed several thousand individuals.

35. There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include:

   a. Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

   b. Whether Defendant failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30 minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks";

   c. Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their "Meal Break Deduction Policy";

   d. The correct statute of limitations for Plaintiff's and class members' claims;

   e. The correct method of calculating back overtime pay;

   f. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

   g. Whether Plaintiff and class members are entitled to restitution;

   h. Whether Defendant is liable for pre-judgment interest; and

   i. Whether Defendant is liable for attorney's fees and costs.

36. Defendant has acted and refused to act on grounds generally applicable to the class.

37. The claims of the representative Plaintiff is typical of the claims of the class in that Plaintiff was denied overtime wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all hours worked. This is the predominant issue which pertains to the claims of each and every class member.

38. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

39. Plaintiff will fairly and adequately protect the interests of the class, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

40. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel is experienced with class/collective litigation and has previously served as class counsel in employment litigation.

41. Plaintiff and the class Plaintiff represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

42. Defendant has engaged in a continuing violation of the FLSA.

43. Plaintiff, as well as the individuals Plaintiff represents, was denied overtime wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

44. Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

45. The allegations set forth in the preceding paragraphs are incorporated herein.

46. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

47. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

48. As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

49. Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

50. Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

51. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

    A.    All applicable statutory damages;

    B.    A Declaration that Defendant has violated the FLSA;

    C.    An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

    D.    An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

E. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

F. Any further relief which the Court deems appropriate under the circumstances.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/ Michael L. Russell
MICHAEL L. RUSSELL (TN 20268)
CLINTON H. SCOTT (TN 23008)
J. BRANDON McWHERTER (TN 21600)
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
Email: mrussell@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF