IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY ROGERS, an individual on behalf of himself and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>HCA HEALTH SERVICES OF TENNESSEE, INC. D/B/A SUMMIT MEDICAL CENTER, TRI-STAR HEALTH SYSTEM, INC, and HCA, INC.<br>               Defendants. | Civil Action No. 3:09-cv-1173<br><br>FLSA COLLECTIVE ACTION<br>JURY DEMANDED<br><br>Judge Haynes |

## ~~PROPOSED~~ AGREED CASE MANAGEMENT ORDER

Pursuant to the Case Management Conference scheduled for May 24, 2010 at 2:00 p.m., the parties submit this Proposed Agreed Case Management Order. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d) for the United States District Court for the Middle District of Tennessee, counsel for the parties have conferred and propose the following:

I. **JURISDICTION & VENUE:** The jurisdiction of this Court to hear this controversy is not disputed. Furthermore, the alleged acts/omissions of the Defendants, which are denied, are asserted to have taken place in this Judicial District. Therefore, venue is appropriate in this Court and is not disputed.

II. **PARTIES' THEORIES OF THE CASE:**

    1.    **Plaintiff's Theory of the Case:**

Plaintiff believes and asserts that the Defendants intentionally failed to pay Plaintiff and other similarly situated employees overtime wages under the Fair Labor Standards Act and that

3612391.2

the Defendants' failure was willful. More specifically, on a regular and repeated basis, Plaintiff and other similarly situated employees were required to perform compensable work during unpaid "meal breaks." As a result of Defendants' "Meal Break Deduction Policy," the Defendants worked hourly employees in excess of 40 hours per week without providing overtime compensation.

This action has been filed seeking collective action certification on behalf of all non-exempt employees of Defendants whose pay was/is subject to an automatic meal break deduction, even though they perform compensable work during their meal breaks. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) with regard to the Plaintiff's claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act.

2. **Defendant HCA Health Services of Tennessee, Inc. dba Summit Medical Center's Theory of the Case:**

Defendant, HCA Health Services of Tennessee, Inc. d/b/a Summit Medical Center, has not violated the Fair Labor Standards Act ("FLSA") or any related state or Federal wage payment statutes or regulations as averred in the Complaint, denies that it has or had a policy or practice that violates the FLSA, and denies that Plaintiff, and those current or former employees who Plaintiff purports to represent in this action, were subject to any common policy, practice or process that violates the FLSA. Plaintiff and all similarly situated individuals who he purports to represent have been properly paid for all time worked including, but not limited to, payment of any overtime premium for hours worked over 40 in a single work week.

Furthermore, because Plaintiff is not similarly situated to, nor is he an appropriate or adequate representative for the class of Plaintiffs he seeks to represent, this action is not

appropriate for collective action under the FLSA. While at one time Defendant maintained a payroll policy and practice that tracked and accounted for some employees' scheduled meal periods, the policy and practice was compliant in all respects with the FLSA. Because each affected employee's compliance with Defendant's former meal break policy utilized individualized reporting by each employee, Plaintiff and those on whose behalf he has filed this Complaint are not entitled to collective action treatment under the FLSA including, but not limited to, having notice sent to prospective "opt in" plaintiffs.

3. **Defendant TriStar Health System, Inc.'s Theory of the Case:**

Defendant TriStar Health Systems, Inc. (improperly named as Tri-Star Health System, Inc.) is not a proper party to this litigation as it is not an employer under the FLSA, did not employ Plaintiff nor does it employ any person in the classification identified by Plaintiff in the Complaint as purported individual claimants or possible opt-in class members, nor in any fashion violate the FLSA. Therefore, it is not a proper party to this litigation and should be dismissed.

4. **Defendant HCA Inc.'s Theory of the Case:**

Defendant HCA Inc. (improperly named as HCA, Inc.) avers that it is a holding company. It did not employ plaintiff nor does it employ any person in the classification identified by Plaintiff in the Complaint as purported class members, and therefore, it is not a proper party to this litigation and should be dismissed.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS:

A. **Rule 26(a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before **April 19, 2010**.

B.  **Answers or Responsive Pleadings**

Defendants' have answered or otherwise filed responsive pleadings.

C.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

The parties mediated this case on March 29, 2010. At the conclusion of the day, the parties were still negotiating. As such, the parties agreed to reconvene the mediation on April 29, 2010 at 9:30 a.m.

D.  **Other Pretrial Discovery Matters**

As determined at the first case management conference on Monday, February 1, 2010, this action will not be set for a jury trial until after this Court's ruling on collective action certification, as discussed below.

The deadline for amending pleadings/adding parties (with the exception of "opt-in" Plaintiffs in the event this Court allows this matter to proceed as a "Collective Action") is set for **July 2, 2010**. All discovery related to certification as a collective action shall be completed on or before **September 9, 2010**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved. Out-of-town counsel may attend the dispute conference by telephone.

Plaintiff's motion[1] for collective action certification shall be filed on or before **October 11, 2010**. Defendants shall have thirty (30) days from service of the Motion to file a brief in

---

1 No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court or otherwise provided herein.

3612391.2                                4

opposition. Plaintiffs shall have ten (10) days from service of the Opposition to file a Reply. Following this Court's ruling on Plaintiff's motion for collective action certification, a subsequent case management conference will be scheduled and a Supplemental Case Management Order will be entered, which shall provide for any additional discovery to be conducted, set this matter for trial, address disclosure of expert witnesses, deadlines for dispositive motions, etc.

Memoranda of law shall include the following sections: a description of the parties, the plaintiff's claims and the jurisdictional basis for the action, a summary of the party's core contentions on the motion; an analysis of the complaint with quotation of pertinent parts or a statement of the relevant facts (as appropriate) and conclusions of law and argument. Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers at Megan_Gregory@tnmd.uscourts.gov.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admission is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

Disclosure of expert witnesses will be addressed in the Supplemental Case Management Order following this Court's ruling on Plaintiff's motion for collective action certification.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the ___19th___ day of May, 2010.

                                                WILLIAM J. HAYNES, JR.
                                                United States District Judge